UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22227-ALTMAN

**JEAN BRUNO PHADAEL**,

    *Petitioner*,

v.

**GARRETT RIPA,
FIELD OFFICE DIRECTOR**, *et al.*,

    *Respondents*.

_____/

**ORDER**

    Our Petitioner, Jean Bruno Phadael, "is a native and citizen of Haiti" who is currently being detained under the Immigration and Nationality Act ("INA") by the Department of Homeland Security. Petition [ECF No. 1] at 1. Phadael believes that his detention under 8 U.S.C. § 1226(c) is no longer constitutional because he "has been held in custody since August 4, 2023, . . . without an individualized bond hearing[.]" *Id.* at 2. The Government contends that Phadael "is not detained under 8 U.S.C. § 1226(c)" and is instead being lawfully held "under 8 U.S.C. § 1231, pursuant to an order of removal that became final on April 15, 2024[.]" Memorandum Pursuant to Court's June 10, 2024, Order ("Response") [ECF No. 7] at 2. After careful review, we agree with the Government that "the Court is without jurisdiction to review [Phadael's] custody challenge since the Petition is premature." *Id.* at 6. We'll therefore **DISMISS** the Petition.

**THE FACTS**

    Phadael is a Haitian citizen. *See* Petition at 1; Record of Deportable/Inadmissible Alien [ECF No. 7-1] at 2. On August 9, 2022, Phadael requested asylum at the Hidalgo Point of Entry. *See* Record of Deportable/Inadmissible Alien [ECF No. 7-1] at 3. Although Phadael did not possess "a valid entry

document to enter or reside in the United States," he was paroled into the United States, pending removal proceedings, for one year under 8 U.S.C. § 1182(d)(5). *Ibid.*

On July 31, 2023, Phadael was charged in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, with manslaughter. *See State v. Phadael*, No. 2023-CF-006537 (Fla. 15th Cir. Ct. July 31, 2023). Phadael was placed in immigration custody on August 4, 2023, *see* Detention History [ECF No. 7-3] at 2, and was issued a Notice to Appear on August 24, 2023, for his upcoming removal hearing, *see* Notice to Appear [ECF No. 7-4] at 2. The Notice to Appear alleged that Phadael was "subject to removal from the United States" because he did not possess a "valid entry document" at the time "of [his] application for admission[.]" *Id.* at 5; *see also* 8 U.S.C. § 1182(a)(7)(A)(i)(I) (providing that "any immigrant at the time of application who is not in possession of a . . . valid entry document" is "ineligible to be admitted to the United States").

On March 4, 2024, an immigration judge determined that Phadael was inadmissible under the INA, denied Phadael's applications for relief, and ordered Phadael removed to Haiti. *See* Immigration Judge Decision [ECF No. 8-1] at 2–4. Phadael initially appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"), but he withdrew that appeal on March 26, 2024. *See* Motion to Withdraw [ECF No. 7-6] at 2. On April 15, 2024, the BIA granted the motion to withdraw and ordered that the immigration judge's order of removal should become final effective immediately. *See* BIA Order [ECF No. 7-7] at 3.

Phadael filed this Petition on May 31, 2024. *See* Petition at 3.[1]

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Although the Eleventh Circuit has not specifically held that the prison mailbox rule applies to immigration detainees, it has explained that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up); *see also Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) ("[T]he prison mailbox rule applies to pro se detainees in immigration proceedings.").

## THE LAW

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C § 2241(c)(3)). This provision allows persons to challenge the legality of their "immigration-related detention, including challenges to the validity of a deportation order[.]" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Cadet*, 377 F.3d at 1182 ("[T]he jurisdiction-stripping provisions of AEDPA and IIRIRA did not deprive federal courts of jurisdiction to consider aliens' challenges to their removal orders raised in § 2241 habeas petitions." (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 314 (2001))).

Since "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," the Supreme Court has held that the Government must "limit[ ] an alien's post-removal detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689–90. Under *Zadvydas*, "six months is a presumptively reasonable period to detain a removable alien awaiting deportation under such circumstances." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002) (citing *Zadvydas*, 533 U.S. at 701). The Court was quick to point out, however, that this six-month period is just a guidepost for the lower courts and that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "Therefore, in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052. If the detainee makes such a showing, the Government has the right to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

## ANALYSIS

Phadael argues that he's being detained unlawfully under 8 U.S.C. § 1226(c), which allows the Government to detain "any alien" who "falls into one of several enumerated categories involving criminal offenses and terrorist activities." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (citing 8 U.S.C. § 1226(c)(1)). Phadael believes that "due process places constraints on prolonged detention of section 1226(c) detainees" and that he should be released on bond because he "has been held in custody since August 4, 2023[.]" Petition at 2. The Government responds that Phadael has *never* been held under § 1226(c) and that he is instead being "held pursuant to § 1225 in view of his status as an arriving noncitizen." Response at 2. And, the Government adds, even if Phadael was *previously* detained under § 1225 or § 1226(c), his *current* detention is lawful "under 8 U.S.C. § 1231, pursuant to an order of removal that became final on April 15, 2024[.]" *Ibid*. We agree with this second point.

Congress mandates that the Attorney General "*shall* detain [an] alien" who has been ordered removed from the United States "within a period of 90 days." 8 U.S.C. § 1231(a)(1), (2) (emphasis added). As the mandatory language of the statute suggests, an alien *must be detained* once an order of removal becomes final. *See D.A.F. v. Warden, Stewart Det. Ctr.*, 2020 WL 9460467, at *2 (M.D. Ga. May 8, 2020) (Hyles, Mag. J.) ("Under 8 U.S.C. § 1231(a), the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal. During the 90-day period, Congress has mandated detention of the alien ordered removed."), *report and recommendation adopted*, 2020 WL 9460341 (M.D. Ga. July 24, 2020) (Land, J.). At the same time, as the Supreme Court explained in *Zadvydas*, § 1231 does not permit the Government to "detain a removable alien *indefinitely* beyond the removal period[.]" 533 U.S. at 682 (emphasis added). Instead, "[t]he Supreme Court . . . confirmed that six months is a presumptively reasonable period to detain a removable alien awaiting deportation under such circumstances" and that an alien should be released from custody after this six-month period if there's "good reason to

4

believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Akinwale*, 287 F.3d at 1051–52 (citing *Zadvydas*, 533 U.S. at 701). Unless a detainee shows that his "post-removal . . . detention [is] in excess of six months," his § 2241 petition must be dismissed as premature. *Id.* at 1052; *see also, e.g.*, *Metellus v. Holder*, 2011 WL 1740187, at *2 (M.D. Fla. May 5, 2011) (Howard, J.) ("Thus, since Petitioner has not shown post-removal-order detention in excess of six months at the time of the filing of his Petition, the Petition is due to be dismissed as prematurely filed.").

A removal order becomes final "upon a determination by the BIA or the expiration of time within which an alien may seek review from the BIA." *Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156 (11th Cir. 2003) (citing 8 U.S.C. § 1101(a)(47)(B)(i)–(ii)). Phadael's removal order became final on April 15, 2024—the day the BIA granted Phadael's motion to withdraw his appeal and held that the immigration judge's order was final. *See* BIA Order [ECF No. 7-7] at 3. Phadael's detention is thus lawful because he filed his Petition on May 31, 2024, *see* Petition at 3—comfortably within *both* the six-month period of presumptive reasonableness under *Zadvydas and* the ninety-day mandatory detention period set by § 1231(a)(1), *see Akinwale*, 287 F.3d at 1052. Since Phadael hasn't shown that his "post-removal . . . detention [is] in excess of six months," *ibid.*, his § 2241 petition must be dismissed as premature.[2]

Accordingly, we hereby **ORDER AND ADJUDGE** that Phadael's Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** the case.

---

[2] Since Phadael is currently being detained under § 1231, "it is unnecessary and altogether inappropriate for us to take upon the question addressed by [the Petition]—whether [Phadael's] detention pursuant to [§ 1226(c) or any other provision of the INA] violate[d] the Due Process Clause of the Fifth Amendment. Any opinion on the matter would be purely advisory in nature, and therefore this issue has become moot." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) (cleaned up).

**DONE AND ORDERED** in the Southern District of Florida, on June 20, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Jean Bruno Phadael, *pro se*
        counsel of record

6